**AFFIRMED as MODIFIED and Opinion Filed March 27, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-23-00196-CR**

**No. 05-23-00197-CR**

**JAYLA SHERLEY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-00690-Q, F19-00691-Q**

## MEMORANDUM OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Garcia

Appellant entered an open plea of guilty to manslaughter and aggravated assault after she caused a fatal accident driving the wrong way down an interstate into oncoming traffic.[1] After hearing the evidence, the trial court found appellant guilty of both offenses and sentenced her to concurrent twelve year terms of imprisonment. In four issues on appeal, appellant argues: (i) the indictment was

---

[1] An "open plea" signifies that the defendant pleaded guilty without an agreement about the precise punishment he will receive. *See Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.); *State v. Moore*, 240 S.W.3d 248, 254 (Tex. Crim. App. 2007) (plea is open as to sentencing).

defective for failing to apprise her of the circumstances indicating she drove her vehicle in a reckless manner, (ii) the evidence is insufficient to support her conviction for manslaughter using a deadly weapon, (iii) defense counsel was ineffective, and (iv) the absence of a written waiver of jury trial constitutes reversible error. Concluding appellant's arguments are without merit, we affirm the trial court's judgments.

## I. BACKGROUND

On the night in question, surveillance footage from The Texas Rose, a bar, shows appellant entering the parking lot at around 1:00 a.m. About an hour and a half later, she emerges from the car and attempts to open the door to the bar. The door was locked, and appellant urinated on the ground.

Appellant returned to her car, where she remained for approximately an hour and a half. Then, instead of backing out of her parking spot, appellant pulled forward onto the grass and turned left, orienting her car to drive south along the bar-side bank of a ditch. Appellant pulled directly in front of another occupied car, then pulled back into the concrete parking lot and whipped around to the entrance of the parking lot. From there, she turned left in front of an oncoming eighteen-wheeler and proceeded south on the northbound frontage road.

Appellant was driving the wrong way on Interstate 45 when she hit a car driven by M.A. head-on. A.C., a passenger in M.A.'s car, was killed. M.A. survived, but suffered serious injuries, including head trauma, fractures under his eye and in

his right elbow, both hips, pelvis and lower back. M.A.'s mother did not recognize him in the emergency room, and doctors were concerned that he would be in a vegetative state or unable to walk.

Appellant also sustained serious injuries. At the hospital, she told the nurse she had consumed three shots of tequila. Appellant's blood sample, taken by the hospital about an hour after the crash, showed an alcohol concentration of .105g/dL. Another blood sample drawn pursuant to a search warrant after noon on the day of the 4:00 a.m. accident did not show the presence of alcohol.

Appellant was charged with manslaughter and aggravated assault. She pleaded guilty to both charges without the benefit of a punishment agreement and her judicial confessions were admitted into evidence. The State also introduced, and the court admitted, appellant's hospital records, photographs of the mangled vehicles after the accident, surveillance footage from the bar parking lot, A.C.'s autopsy report, and x-rays and photographs of M.A.'s injuries. M.A. and his mother testified about his injuries and the impact the accident had on his physical and mental health. A.C.'s mother also testified. A.C. was nineteen years old when he died in the accident.

Appellant testified in her own defense, and her trial counsel argued that she should be given probation. The trial court accepted appellant's guilty pleas and found her guilty in each case. The court found that appellant used her vehicle as a

deadly weapon in the manslaughter case and assessed punishment at twelve years in prison for each offense (to be served concurrently). This timely appeal followed.

## II. ANALYSIS

### A. The Indictment

Appellant's first issue argues the manslaughter indictment is defective because it fails to specifically allege the circumstances under which appellant acted recklessly. This issue has not been preserved for our review. TEX. R. APP. P. 33.1.

"If a defendant does not object to a defect, error, or irregularity of form or substance in the indictment before the date on which trial on the merits begins, he waives the right to object and may not raise an objection on appeal or in any other postconviction proceeding." TEX. CODE CRIM. PROC. ANN. art. 1.14(b); *Williams v. State*, –S.W.3d –, No. PD-0099-23, 2024 WL 104220, at * (Tex. Crim. App. Jan. 10, 2024); *Reydlom v. State*, No. 05-19-01486-CR, 2020 WL 7693179, at *2 (Tex. App.—Dallas Dec. 28, 2020, not pet.) (mem. op., not designated for publication).

There was no such objection here. Appellant did not object to the indictment before she entered her guilty plea. And in the plea paperwork she signed after pleading guilty, she affirmatively waived her right to complain about defects in the indictment.

Moreover, even if the issue had been preserved, the manslaughter indictment is not defective.[2] Article 21.15 requires that The State allege acts of recklessness or criminal negligence with specificity. *See* TEX. CODE CRIM. PROC. ANN. art. 21.25. The indictment alleged that appellant committed the offense by "driving a motor vehicle into oncoming traffic and in the wrong direction on an interstate therefore striking the motor vehicle occupied by" the victim. Appellant's argument that the State needed to additionally allege "something about the setting or circumstances" that constitutes recklessness is not persuasive. When the alleged act is inherently reckless, the indictment satisfies article 21.15 if it merely alleges the act was committed. *See Tata v. State*, 446 S.W.3d 456, 463 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *Soto v. State*, No. 04-17-00491-CR, 2018 WL 2323637, at *9 (Tex. App.—San Antonio May 23, 2018, no pet.) (mem. op., not designated for publication). The indictment was sufficient to give notice of the acts relied on to constitute recklessness. *See Townsley v. State,* 538 S.W.2d 411, 412–413 (Tex. Crim. App. 1976); *Goodrich v. State*, 156 S.W.3d 141, 145 (Tex. App.—Dallas 2005, pet. ref'd); *Lawson v. State*, No. 09-16-00395-CR, 2017 WL 4414178, at * 4

---

[2] Appellant's argument that that the aggravated assault indictment is defective, had it been preserved, is similarly misplaced. That indictment alleged that appellant acted "intentionally, knowingly, and recklessly." Therefore, article 21.15 did not apply. *See State v. Casterena*, 486 S.W.3d 630, 635 (Tex. App.—San Antonio 2016, no pet.). When the State alleges that a defendant acts knowingly or intentionally along with recklessness, it not necessary for the State to allege the reckless acts with specificity. *See Crawford v. State*, 646 S.W.2d 936, 937 (Tex. Crim. App.1983); *Allen v. State*, No. 05-16-00594-CR, 2017 WL 2645033, at *1 (Tex. App.—Dallas June 20, 2017, no pet.) (mem. op., not designated for publication).

(Tex. App.—Beaumont Oct. 14, 2017, no pet.) (mem. op., not designated for publication). Appellant's first issue is resolved against her.

## B.    Sufficiency of the Evidence

Appellant's second issue argues the evidence is "legally and factually" insufficient in the manslaughter case to show that she was "too drunk to control her vehicle or any other evidence to show she intended or used her vehicle in a manner that caused the individual's death." She further argues the aggravated assault case evidence was insufficient to show the victim suffered serious bodily injury. Both arguments lack merit.

The factual sufficiency standard is no longer applicable in criminal cases. *See Villatoro v. State*, No. 05-18-00639-CR, 2019 WL 3940971, at *7 (Tex. App.—Dallas Aug. 21, 2019, pet. ref'd) (mem. op., not designated for publication). And when a defendant enters a plea of guilty or nolo contendere, the *Jackson v. Virginia* sufficiency standard is not applicable. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *Cloniger v. State*, No. 05-15-01234-CR, 2017 WL 908788, at *2, n.1 (Tex. App.—Dallas Mar. 8, 2017, pet. ref'd) (mem. op., not designated for publication). Instead, the supporting evidence must simply embrace every essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

Appellant's argument ignores that she pleaded guilty and judicially confessed to both charges. The entry of a valid guilty plea "has the effect of admitting all

material facts alleged in the formal criminal charge." *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986). Once a defendant enters a valid guilty plea, the state is no longer constitutionally required to prove his guilt beyond a reasonable doubt. *See Ex parte Martin*, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988); *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.).

Rather, article 1.15 requires substantiation of the plea. TEX. PENAL CODE ANN. § 1.15. To substantiate a guilty plea, there must be evidence "in addition to, and independent of, the plea itself to establish the defendant's guilt." *Menefee*, 287 S.W.3d at 14; TEX. CODE CRIM. PROC. ANN. art. 1.15. A stipulation of evidence or judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea so long as it establishes every element of the offense charged. *See Menefee*, 287 S.W.3d at 13.

> In the manslaughter case, the indictment alleged:
>
> JAVLA MONAV SHERLEY, hereinafter called Defendant, on or about the 5th day of April, 2019, in the County of Dallas, State of Texas, did then and there recklessly cause the death of an individual, ALEJANDRO CHAVEZ, hereinafter called deceased, by DRIVING A MOTOR VEHICLE INTO ONCOMING TRAFFIC AND IN THE WRONG DIRECTION ON AN INTERSTATE THEREFORE STRIKING THE MOTOR VEHICLE OCCUPIED BY DECEASED,
>
> And it is further presented in and to said Court that a deadly weapon, to-wit: A MOTOR VEHICLE, was used and exhibited during the commission of the aforesaid offense.

A motor vehicle may be found to be a deadly weapon if "the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL

CODE ANN. § 1.07(a)(17); *Melton v. State*, No. 05-20-00543-CR, 2021 WL1884653, at *2 (Tex. App.—Dallas May 11, 2021, pet ref'd) (mem. op., not designated for publication). A vehicle is not "capable of causing death or serious bodily injury" unless its manner of use presents an "actual danger" of causing such harm. *Drichas v. State*, 175 S.W.3d 795, 799–800 (Tex. Crim. App. 2005); *see also Moore v. State*, 520 S.W.3d 906, 912–13 (Tex. Crim. App. 2017). A judicial confession to using a deadly weapon is sufficient to support a deadly weapon finding. *Alexander v. State*, 868 S.W.2d 356, 360 (Tex. App.—Dallas 1993, no pet.); *Jackson v. State*, No. 05-10-00156-CR, 2011 WL 211375, at *3 (Tex. App.—Dallas Jan. 25, 2011, pet. ref'd) (mem. op., not designated for publication).

Here, appellant pleaded guilty and judicially confessed to manslaughter "exactly as alleged the indictment." The judicial confession was entered into evidence and the guilty plea was accepted by the court.

Likewise, the indictment in the aggravated assault case alleged:

That JAYLA MONAY SHERLEY, hereinafter called Defendant, on or about the 5th day of April, 2019, in the County of Dallas, State of Texas, did unlawfully then and there intentionally, knowingly and recklessly cause serious bodily injury to another, namely, MICHAEL ARANDA, hereinafter called complainant, by DRIVING A MOTOR VEHICLE INTO ONCOMING TRAFFIC AND IN THE WRONG DIRECTION ON AN INTERSTATE THEREFORE STRIKING THE MOTOR VEHICLE OCCUPIED BY COMPLAINANT.

Appellant's judicial confession to this charge was also admitted into evidence and the guilty plea accepted by the court. In addition, her plea paperwork also stated:

–8–

"I admit and judicially confess that I committed the offense of AASBI on April 5, 2019, exactly as alleged in the charging instruments."

On this record, the evidence was sufficient to support the court's deadly weapon finding in the manslaughter case and that appellant caused serious bodily injury in the aggravated assault case. Appellant's second issue is overruled.

## C.    Ineffective Assistance

Appellant's third issue argues her conviction should be reversed because her counsel was ineffective.[3] To prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance was deficient and (2) a reasonable probability exists that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008). The defendant bears the burden of proving both *Strickland* prongs by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

The right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel, and a sound trial strategy may be imperfectly executed. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Counsel's

---

[3] The State characterizes appellant's ineffective assistance claims as appellant's third and fourth issues. We address appellant's ineffective assistance arguments as the third issue, with multiple arguments within the issue.

performance is only deficient if it falls below an objective standard of reasonableness. *See Johnson v. State*, 624 S.W.3d 579, 585 (Tex. Crim. App. 2021) (citing *Strickland*, 466 U.S. at 688). "It is not sufficient that the appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence." *See id.* (quoting *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007)).

There is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance" and that counsel's conduct constituted sound trial strategy. *Id.* at 586 (quoting *Thompson*, 9 S.W.3d at 813). To defeat the presumption, "[a]ny allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness." *See id.* (quoting *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)); *Mata*, 226 S.W.3d at 430. If the record is silent as to trial counsel's strategy, we will not conclude that counsel rendered ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Bone v. State,* 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (defendant must demonstrate that there was no plausible reason for particular act or omission). In most cases, appellants are unable to show deficient performance because an undeveloped record does not adequately reflect trial counsel's alleged failings. *See Mata*, 226 S.W.3d at 430.

We begin by considering the record on appeal. Appellant's sentence was pronounced on February 14, 2023. Appellant filed a form motion for new trial, and it was denied the same day. Twenty-seven days later, appellant filed a substantive motion for new trial. The motion was heard on May 11, eighty-six days after the court pronounced sentence.

A defendant must file a motion for new trial within thirty days after "the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4. "The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court." *Id*. at 21.8(a). "A motion not timely ruled on by written order will be deemed denied when the [75-day] period . . . expires." *Id.* at 21.8(c).

Although, appellant's motion was timely filed, the court did not conduct a hearing until after the motion was overruled by operation of law. "[O]nce a motion for new trial is overruled by operation of law, the trial court loses jurisdiction to rule upon it." *Flores v. State*, 679 S.W.3d 695, 696 (Tex. Crim. App. 2023) (citing *State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996)). "[J]urisdiction over a case is an absolute systemic requirement." *Id.* (citing *State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009)). Actions taken by a court without jurisdiction are void. *Id*. (citing *Ex parte Lozoya*, 666 S.W.3d 618, 626 (Tex. Crim. App. 2023)). Therefore, the evidence adduced at the hearing is not properly part of our

consideration; we consider only the trial record, the motion, and the evidence attached to the motion.[4]

With this context, we consider appellant's arguments. Appellant argues that trial counsel was ineffective because he failed to file pretrial motions challenging the indictments under TEX. CODE CRIM. PROC. ANN. art. 21.15. As previously discussed, however, the manslaughter indictment satisfied article 21.15 and the aggravated assault indictment was sufficient to give notice of the charged offenses. Counsel's performance cannot be deemed deficient for failing to file futile motions. *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991).

Appellant also argues counsel's performance was deficient because he failed to investigate and present a "date rape" involuntary intoxication theory. According to appellant, a positive urine test for opiates after appellant was admitted to the hospital, combined with her inability to recall events leading up to the crash somehow demonstrates that she was involuntarily intoxicated. We disagree.

We note at the outset that this argument was not raised in the motion for new trial. *See* TEX. R. APP. P. 33.1. But even if properly before us for review, the argument is misplaced. Counsel is required to "make reasonable investigations" or "make a reasonable decision that makes particular investigations unnecessary." *Strickland*,

---

[4] The evidence attached included one of appellant's blood test reports and the affidavit of Latrice Feltson, a relative who participated in the conferences between appellant and her trial counsel. Feltson averred that appellant asked trial counsel to hire an expert to challenge the toxicology report alleging that her blood alcohol content exceeded the legal limit, and that trial counsel assured appellant she would get probation.

466 U.S. at 690–91. The question is whether the evidence known to trial counsel would lead a reasonable attorney to investigate further. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

Here, the record reflects that appellant arrived at the hospital at 5:02 a.m. and a morphine drip was started at 6:18 a.m. She received additional morphine at 8:05 a.m. and again at 9:32 a.m. Appellant's urine sample for drug analysis was not collected until 9:35 a.m. Appellant fails to demonstrate how this evidence supports a theory that appellant was involuntarily intoxicated when she caused the accident.

Appellant further insists counsel should have presented the urine test at the open plea. That evidence, however, had already been introduced by the State. Moreover, the test not only showed the hospital-administered opioids but also cannabinoids that were not dispensed by the hospital. There is nothing to overcome the presumption that counsel's strategy concerning the urine test was not sound. *See Brennan v. State*, 334 S.W.3d 64, 72 (Tex. App.—Dallas 2009, no pet.).

Appellant does not show what additional evidence would have been discovered had counsel performed additional investigation. *See Duckworth v. State*, 89 S.W.3d 747, 752 (Tex. App.—Dallas 2002, no pet.). Because there is no evidence that trial counsel's investigation was deficient, or that a more thorough investigation would have produced a different result, appellant's argument fails. *See Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010) (failure to satisfy either *Strickland* prong is fatal).

Finally, appellant argues that counsel should be held ineffective, and prejudice presumed under *Cronic* because there was no adversarial testing of the State's case. *See United States v. Cronic,* 466 U.S. 648 (1984). *Cronic* provides that if an appellant can demonstrate that defense counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing," so that there was a constructive denial of the assistance of counsel altogether, then prejudice, because it is "so likely," is legally presumed. *Cronic*, 466 U.S. at 658–659; *see also Bell v. Cone*, 535 U.S. 685, 696–697 (2002) (noting that, under *Cronic*, defense counsel's failure to test the prosecution's case must be "complete" before prejudice is presumed); *Ex parte McFarland*, 163 S.W.3d 743, 752–753 (Tex. Crim. App. 2005) (discussing constructive denial of counsel and presumed prejudice); *Giles v. State*, No. 05-18-00865-CR, 2019 WL 6486257, at *4 (Tex. App.—Dallas Dec. 3, 2019, no pet.) (mem. op., not designated for publication) (discussing *Cronic*).

The difference between the *Cronic* and *Strickland* standards is not of degree, but of kind. *Bell*, 535 U.S. at 697. In other words, *Strickland* involves "shoddy representation," whereas *Cronic* involves no defense at all. *Giles*, 2019 WL 6486257, at *4. As the Court of Criminal Appeals has observed, *Cronic* "is epitomized by the 'inert' or 'potted plant' lawyer who although physically and mentally present in the courtroom, fails to provide (or is prevented from providing) *any* meaningful assistance." *McFarland*, 163 S.W.3d at 752 (emphasis in original);

–14–

*Rubio v. State*, No. 05-18-00861-CR, 2023 WL 3749804, at *13 (Tex. App.—Dallas June 1, 2023, pet. ref'd) (mem. op., not designated for publication).

Appellant argues trial counsel provided no defense because he did not vigorously cross-examine M.A. or hold the State to its "burden of proof beyond a reasonable doubt." These challenged actions do not equate to a complete absence of representation.[5]

Significantly, the witnesses testified after appellant pleaded guilty and her judicial confessions were admitted into evidence. During the presentation of evidence, defense counsel questioned witnesses, objected to evidence, presented mitigating evidence, corrected an error in a presentence report, and argued for probation in closing. Trial counsel was not a potted plant. *See McFarland*, 163 S.W.3d at 752.

Based on the foregoing, we conclude appellant did not establish ineffective assistance under *Strickland* or *Cronic* and resolve her third issue against her.

---

[5] After a guilty plea, the State is no longer required to prove its case beyond a reasonable doubt. *McGill*, 200 S.W.3d at 330; *see also Runnels v. State*, No. 05-19-00621-CR, 2021 WL 210752, at *3 (Tex. App.—Dallas Jan. 21, 2021, pet. ref'd) (mem. op., not designated for publication). Appellant also criticizes trial counsel for being "unaware of the TEX. CODE CRIM. PROC. ANN. art. 42.12 limitations . . . on probation . . . ." That statute, however, has been repealed. *See* TEX. CODE CRIM. PROC. ANN art. 42.12. Repealed by Acts 2015, 84th Leg., ch. 770 (H.B. 2299), § 3.01, eff. Jan. 1, 2017; Acts 2017, 85th Leg., ch. 324 (S.B. 1488), §§ 23.012(d), 23.013(d), 23.014(b), 23.015(b), 23.016(h), 23.017(b), 23.018(b), 23.019(b), 23.020(b), 23.021(b), eff. Sept. 1, 2017; Acts 2017, 85th Leg., ch. 877 (H.B. 3016), § 11(a), eff. Sept. 1, 2017.

**D.  Written Waiver of Jury Trial**

Appellant's fourth issue argues her convictions must be reversed because there is no written waiver of a jury trial. The record reflects otherwise.

Specifically, the "Defendant's Statements and Waivers" section of the plea papers appellant signed states:

> **I hereby waive** my right to be tried on an indictment returned by a grand jury; any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument; **my right to a jury trial**; and my right to remain silent.

(Emphasis added).

Appellant appears to argue that because this is not a plea bargain case barring appellant's right to appeal under article 44.02, the signed waiver in the plea paperwork is of no effect. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02. There is no authority to support this proposition. Indeed, the nature of an open plea, which appellant elected to enter in hopes of receiving deferred adjudication, underscores the fallacy of this argument.

Only a judge can order deferred adjudication. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.101(a). By its terms, the statutory option authorizing deferred adjudication is limited to defendants who plead guilty or nolo contendere before the trial court **after waiving trial by jury** (emphasis added). *State ex rel. Mau v. Third Court of Appeals*, 560 S.W.3d 640, 644 (Tex. Crim. App. 2018) (emphasis added); *see also Hogberg v. State*, No. 02-21-00103-CR, 2022 WL 4272862, at \*3 (Tex.

App.—Fort Worth Sept. 15, 2000, no pet.). Thus, if appellant had not waived a jury trial, deferred adjudication would not have been an option.

In addition to the signed written waivers, the trial court expressly questioned appellant about the relinquishment of her rights:

> THE COURT: You understood all of your statutory and constitutional rights?
>
> APPELLANT: Yes, ma'am.
>
> THE COURT: And you know you have an absolute right to a trial by jury for each of these 2 offenses separate and apart from one another?
>
> APPELLANT: Yes, ma'am.
>
> THE COURT: Do you give up your right to each jury trial in exchange for the plea agreements you've made -- well, in exchange for the State allowing you to go open with the hopes of deferred adjudication?
>
> APPELLANT: Yes, ma'am.

Because the record clearly reflects appellant's waiver of the right to trial by jury, we resolve her fourth issue against her.

### E. The Judgment

The judgment reflects that this is a plea bargain case. This was not a plea bargain case. We are authorized to reform a judgment to make the record speak the truth when we have the necessary information to do so. *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We therefore reform the judgment to reflect that there was no plea bargain.

### III. CONCLUSION

Having resolved all of appellant's issues against her, we modify the judgment to reflect that this was not a plea bargain case and as modified, affirm the trial court's judgments.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230196F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAYLA SHERLEY, Appellant

No. 05-23-00196-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-00690-Q. Opinion delivered by Justice Garcia. Justices Breedlove and Kennedy participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment to reflect that this was not a plea bargain case. As **MODIFIED**, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 27, 2024



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAYLA SHERLEY, Appellant

No. 05-23-00197-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas Trial Court Cause No. F19-00691-Q. Opinion delivered by Justice Garcia. Justices Breedlove and Kennedy participating.

Based on the Court's opinion of this date, we **MODIFY** the trial court's judgment to reflect that this was not a plea bargain case. As **MODIFIED**, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 27, 2024.